IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLALOCK,<br><br>        Petitioner,<br><br>  v.<br><br>BRIAN KIBLER,<br><br>        Respondent. | No. 2:21-CV-0946-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 18.

This action currently proceeds on the original petition, filed on May 25, 2021. See ECF No. 1. Petitioner states that he was convicted following a no contest plea of second-degree murder with enhancements for "1 serious prior" and "1 prison prior." Id. at 2. For his first claim, Petitioner contends: "The California Department of Corrections and Rehabilitation has CHANGED the penal code classification of a crime without authority to do so, in order to DENY petitioner his MANDATED PAROLE CONSIDERATION RIGHT in the CALIFORNIA CONSTITUTION art. I sec. 32." Id. at 3. According to Petitioner, his offense was re-classified from "serious" to "violent," in violation of state law. Id. at 8.

///

1

In his motion to dismiss, which Petitioner does not oppose, Respondent argues:

> Federal habeas corpus relief is not available for alleged errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In order to state a cognizable claim for relief, a federal habeas petition must allege a deprivation of one or more federal rights. *Id*. Here, Blalock claims that CDCR improperly changed his second-degree murder conviction from a serious to a violent felony for purposes of nonviolent parole eligibility. (ECF No. 13 [Pet.] at 3.) Blalock further alleges that CDCR's regulations establishing the nonviolent parole process altered or amended the enabling statute in violation of state law. (*Id*. at p. 5.) Both of these claims rest solely on questions of state law and are therefore not cognizable in federal habeas. Nor does Blalock's citation to federal due process principles transform his state-law claims into federal claims. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Indeed, the Supreme Court has long recognized that "a 'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982).

ECF No. 18, pg. 2.

The Court agrees. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

///

///

///

Here, Petitioner's claim arises from an alleged error in state law concerning how his offense is classified for purposes of incarceration and parole eligibility. As such it is not cognizable. Because Petitioner's state law claim does not go to trial proceedings, he cannot argue that the alleged error produced a conviction which violates due process. Petitioner's claim is not cognizable and the petition should be dismissed.

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 18, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE